**GREAT NORTHERN INSURANCE CO., Plaintiff,**

v.

**ARCHITECTURAL ENVIRONMENTS, INC., et al., Defendants.**

**Civil Action No. 05–12356–NMG.**

United States District Court, D. Massachusetts.

Sept. 14, 2007.

Kevin J. Hughes, Martin P. Duffey, Cozen O'Connor, Philadelphia, PA, Patrick J. Loftus, III, Law Offices of Patrick Loftus, Boston, MA, for Plaintiff.

James B. Peloquin, Amy C. Stewart, Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP, David J. Hatem, Lauren Timoney Upton, Cheryl A. Waterhouse, Warren D. Hutchison, Donovan & Hatem, LLP, Thomas Kincaid McCraw, Jr., Leclair Ryan, P.C., Emily G. Coughlin, Erin E. Howard, Ryan, Coughlin & Betke LLP, David T. Mitrou, The McCormack Firm, LLC, David W. McGough, Long & Leahy, Boston, MA, John J. Jarosak, Bethany Pierson Minich, Litchfield Cavo LLP, Lynnfield, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The underlying case involves allegations of negligence and breach of warranties resulting from a building fire on April 26, 2005. The plaintiff, Great Northern Insurance Co. ("Great Northern"), insured the building and brings this action as the subrogee of the insured party, Transkaryotic Therapies, Inc. ("TKT"). The plaintiff alleges that the fire originated on the roof and was able to ignite and spread rapidly as a result of the presence of certain insulation and weatherproofing materials located in the roof-top duct work. The particu-

lar insulation and weatherproofing was Alumaguard, the use of which was allegedly in violation of the Massachusetts State Building Code.

The named defendants are various entities involved with the design and construction of renovations to the building: 1) AHA Consulting Engineers, Inc. ("AHA"), which contracted with TKT to provide mechanical and electrical engineering services, 2) Architectural Environments, Inc. ("AEI"), the construction manager, 3) United HVAC Co., Inc. ("United HVAC"), AEI's subcontractor for the installation of the HVAC systems, 4) United Insulation Specialties, Inc. ("United Insulation"), supplier and installer of the insulation and weatherproofing material, 5) Polyguard Products, Inc. ("Polyguard"), manufacturer of the insulation and weatherproofing material sold to United Insulation and 6) General Insulation Co. ("General Insulation"), the alleged distributor of the insulation and weatherproofing material.

The first four defendants filed separate motions for summary judgment, seeking dismissal of all claims and cross-claims brought against them. All of the defendants agree that their respective cross-claims against each other should be dismissed insofar as the plaintiff's direct claims against them are dismissed. The Court referred those motions to United States Magistrate Judge Judith Dein and on August 28, 2007, she issued a Report and Recommendation ("R & R"). After reviewing the R & R and the objections thereto filed by the several parties, the Court will accept and adopt the R & R after briefly addressing those objections.

## I. Dismissal of Claims Against AHA

The Magistrate Judge recommends that the motion for summary judgment of defendant AHA be allowed, in part, and denied, in part. Specifically, she recommends that, pursuant to the statute of repose, the claims of negligence and breach of implied warranties, but not the claim for breach of express warranties, should be dismissed. Plaintiff Great Northern objects to the proposed ruling and contends that the Magistrate Judge erroneously concluded that the Complaint was not filed within the six-year statute of repose period.

AHA has moved for summary judgment on all claims on the grounds that the suit is barred by the relevant statute of repose. That provision provides, in part:

> Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property ... shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six *years* after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.

Mass. Gen. Laws ch. 260, § 2B (emphasis added). In her R & R, the Magistrate Judge determines and concludes that: 1) Great Northern's claims for negligence and breach of implied warranties qualify as tort claims within the ambit of the statute of repose, 2) the improvements on the building were open to use in August, 1999, which is, albeit by only three months, more than six years prior to the November, 2005 filing of this Complaint, and 3) the statute of repose bars the negligence and implied warranties claims and, therefore, summary judgment should be allowed.

The central issue is when the statute of repose began to run. The statute provides that it runs from the *earlier* of:

1) "the opening of the improvement to use" or 2) "[the] date of substantial completion of the improvement and the taking of possession for occupancy by the owner". Mass. Gen. Laws ch. 260, § 2B. The Magistrate Judge properly concludes that, in this case, the certificate of occupancy, which grants the owner the right to occupy the premises, determines the date upon which the improvement was open to use, as well as the date it was occupied. *See Aldrich v. ADD, Inc.,* 437 Mass. 213, 221–222, 770 N.E.2d 447 (2002). In this case, the temporary and permanent certificates of occupancy were issued, in August and December of 1999, respectively. The Magistrate Judge concludes that the premises were open to use under the temporary certificate of occupancy and, thus, the August, 1999 date is the operative date. Great Northern disagrees. The distinction between the two certificate dates is meaningful because the Complaint was filed within the permissible six-year period if the December date is operative.

In her R & R, the Magistrate Judge specifically addresses the question of whether the "temporary" certificate of occupancy establishes the date on which the building was open to use:

> [w]hile there conceivably may be situations which would preclude a "temporary" [certificate of occupancy] from being the date an improvement is open to use, in the instant case the [t]emporary [certificate of occupancy] expressly authorized the exact same occupancy as the [p]ermanent [certificate of occupancy]. There were no limitations on the use TKT could make of the Building.

After a thorough review of the case law and the plaintiff's arguments, the Magistrate Judge found that the mere fact that a certificate of occupancy is "temporary" does not negate the fact that it was open for use. This Court agrees. Having found that the improvements were open to use in August, 1999, the Magistrate Judge properly did not reach the issue of when construction was substantially completed.

■ With respect to express warranties, she concludes, again correctly, that: 1) the statute of repose is inapplicable and 2) questions of material fact preclude the entry of summary judgment. Specifically, there is a genuine issue of material fact as to whether AHA was required to and/or did approve the use of the insulation. Neither party has filed an objection to those conclusions and the Court concurs with the Magistrate Judge's recommendation to deny the motion for summary judgment with respect to the claim of express warranties.

## II. Dismissal of Claims Against AEI, United HVAC and United Insulation

■ The Magistrate Judge provides two separate recommendations with respect to the summary judgment motions of defendants AEI, United HVAC and United Insulation. Her initial recommendation is that the motions should be allowed because each defendant's contractual agreement with TKT contains a waiver of subrogation that is enforceable under Massachusetts law. She provides an alternative recommendation in which she analyzes the defendants' statute of repose and statute of limitations defenses, in the event that this Court disagrees with her conclusion that the subrogation waivers are enforceable. The subject defendants have filed *limited* objections in which they object only to the Magistrate Judge's alternative recommendation. The plaintiff has also filed an objection in which it disagrees with various aspects of both recommendations.

With respect to the initial recommendation, Great Northern objects to the Magistrate Judge's conclusion and contends that

the subrogation waiver provisions should not be enforced because it is against public policy in that the liability claims are premised on alleged statutory violations or gross negligence. The Magistrate Judge disagrees and opines that Massachusetts would not find it to be against public policy to enforce the waiver provision. After considering Magistrate Judge Dein's very lucid and carefully researched R & R, this Court finds that Great Northern's objections should be overruled. Given the thoroughness of the Magistrate Judge's analysis, this Court will only briefly elaborate.

First, there is no dispute that Great Northern issued the insurance policy after the construction was completed and that TKT agreed to the waiver of subrogation claims. There is also no dispute that the waiver of subrogation provision applies to the instant, post-construction loss. The only question is, therefore, whether the subrogation waivers to which the parties formally and contractually agreed should be deemed unenforceable as a matter of public policy.

As discussed in the R & R, there are strong public policy reasons for allowing such a waiver of subrogation in construction contracts:

> allocation of risk to insurers through waivers of subrogation are encouraged by the law and serve important social goals: encouraging parties to anticipate risks and to procure insurance covering those risks, thereby avoiding future litigation, and facilitating and preserving economic relations and activity.

*Acadia Ins. Co. v. Buck Constr. Co*, 2000 ME 154, 756 A.2d 515, 520 (2000). Moreover, especially in cases involving sophisticated parties, one must assume that the negotiation process involved a calculation of the risks and liabilities in determining the appropriate insurance premiums. A waiver of subrogation can minimize disrup-

tion and disputes as well as make the process more efficient in that they "reflect an intention on the part of the parties to relieve each other of liability and look to only one insurer to bear the risk of fire instead". *Id.* at 519.

Great Northern responds that such considerations are outweighed by the public policy which precludes exculpatory contracts from relieving a party of liability for gross negligence or statutory violations. In support, it cites to cases which refer to subrogation waivers as "exculpatory provisions". The Magistrate Judge, however, distinguishes between the two forms of "waivers". Unlike exculpatory clauses which preclude an insured party (the victim) from obtaining compensation for the harm suffered, a subrogation waiver provision nevertheless insures that the injured party is compensated. The Court finds that the Magistrate Judge's analogy to the workers' compensation statute highlights this distinction effectively:

> [w]hile it is against public policy in Massachusetts to release a wrongdoer from liability in the case of gross negligence, the Commonwealth has determined that an employer is nevertheless released from liability for even gross negligence if workers' compensation insurance is provided.

(citing *Dean v. Raytheon Corp.*, 399 F.Supp.2d 27, 30 (D.Mass.2005)).

For public policy considerations, the availability of a remedy for the injured party is of critical import. With regard to a waiver of subrogation, the issue is only a matter of which party will compensate the victim: the perpetrator of the gross negligence or the insurer. Thus, unlike exculpatory clauses which relieve a party from liability for its own wrongdoing and leave the victim without recourse, a waiver of subrogation clause does not prevent the injured party from being compensated.

While the plaintiff cites cases from other districts which held otherwise, this Court agrees with the Magistrate Judge that neither Massachusetts law nor public policy considerations supports the conclusion that subrogation waivers are unenforceable. On the basis of this finding, the Court need not consider the limited objections of the defendants.

·˙ **So ordered.**

## ORDER

For the foregoing reasons, and after careful consideration of Great Northern's objections to the Magistrate Judge's Report and Recommendation, the Court accepts and adopts those recommendations. The motion for summary judgment of defendant AHA (Docket No. 63) is, with respect to the claims for negligence and breach of implied warranties, **ALLOWED,** but is, with respect to the claim for breach of express warranties, **DENIED.** The motions for summary judgment of defendants AEI (Docket No. 74), United HVAC Co. (Docket No. 92) and United Insulation (Docket No. 95) are **ALLOWED.**